UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD CHAPEL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES SECRETARY OF<br>THE TREASURY,<br><br>　　　　　　Defendant. | CASE NO. C11-5609BHS<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS |

This matter comes before the Court on Defendant United States Secretary of the Treasury's ("Secretary") motion to dismiss (Dkt. 13). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On August 11, 2011, Plaintiff Richard Chapel ("Chapel") filed a complaint against the Secretary. Dkt. 1. Chapel alleges that he "has been significantly damaged by the agenda of the Congress of the United States, prior to the housing market collapse of 2008," and that he "continues to be further damaged by the failure/refusal of the Department of the Treasury, to allow or permit the relief that Congress has provided through the passage of the Troubled Assets Relief Program." *Id*., ¶ 1.

Chapel alleges that he purchased property in 2008 shortly before the real estate market collapsed and that a recent appraisal of his property revealed that it was worth less

ORDER - 1

than his mortgage. *Id*. ¶¶ 7.1, 7.3.  Chapel requests an order requiring the Secretary to modify his mortgage with Bank of America by reducing the principal to $129,000 and the interest rate to two percent. *Id*., ¶¶ 15.1, 15.3.

Chapel asserts four causes of action: (1) Section 109(c) of the Emergency Economic Stabilization Act of 2008 ("EESA") requires the Secretary to consent to a modification of the mortgage; (2) the failure to modify his loan violates Title VII of the Civil Rights Act; (3) the devaluation of his property constitutes a taking under the Fifth Amendment of the United States Constitution; and (4) the devaluation of his property constitutes a tax. *Id*., ¶¶ 8.1-13.3.

## II.  DISCUSSION

The Secretary moves to dismiss Chapel's complaint for lack of subject-matter jurisdiction and for failure to state a claim.  Dkt. 13.

**A.    Jurisdiction**

The Secretary argues that the Court lacks jurisdiction because Chapel lacks standing and the Court is without power to grant the relief sought.  To establish standing, a plaintiff must "demonstrate the now-familiar elements of injury in fact, causation and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (plaintiff must show "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief") (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

In this case, Chapel alleges that the Secretary is responsible for the diminished value of his house, the fees and penalties associated with Chapel defaulting on his mortgage, and Chapel's inability to acquire a lower interest loan.  Chapel's allegations, however, fail to establish causation.  While Chapel makes general allegations that the housing collapse was based on the passage of various statutes, Chapel fails to allege any particular actions by the Secretary under these statutes.  Moreover, Chapel merely

ORDER - 2

questions the wisdom of the federal government's actions in response to the crisis instead of stating specific actions by the Secretary that led to the decrease in his home value.

Even if Chapel's allegations could be considered to establish causation, Chapel has failed to show that the Court has the authority to direct the Secretary to renegotiate the terms of Chapel's mortgage with Bank of America or to void the penalties and assessments lodged against Chapel because of his default on his loan. Moreover, Chapel's takings claim should be brought in the United States Court of Federal Claims. *See Bay View, Inc. on behalf of AK Native Village Corporations v. Ahtna, Inc.*, 105 F.3d 1281, 1285-86 (9th Cir. 1997).

Therefore, the Court grants the Secretary's motion to dismiss for lack of jurisdiction because Chapel has failed to establish that he has standing to bring the claims in his complaint.

**B.     Failure to State a Claim**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

In this case, Chapel has failed to state a cognizable legal theory against the Secretary. First, Chapel has failed to show how Section 109(c) requires the Secretary to

ORDER - 3

modify his loan even if the Secretary had an ownership interest in his loan. Second, Chapel has failed to show that he is a member of a protected class or that he is entitled to participate in a federal benefit program that would invoke the protections of Title VII. Third, Chapel has failed to establish any cognizable legal theory that the devaluation of his home is a federal tax. Therefore, the Court also grants the Secretary's motion to dismiss because Chapel fails to state a claim upon which relief may be granted.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Secretary's motion to dismiss (Dkt. 13) is hereby **GRANTED**. The Clerk is directed to enter judgment for the Secretary and close this case.

DATED this 3rd day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge