UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD CHAPEL,

                Plaintiff,

    v.

UNITED STATES SECRETARY OF
THE TREASURY,

                Defendant.

CASE NO. C11-5609BHS

ORDER DENYING
PLAINTIFF'S MOTION FOR
RECONSIDERATION

This matter comes before the Court on Plaintiff Richard Chapel's ("Chapel") motion for reconsideration (Dkt. 20). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On August 11, 2011, Chapel filed a complaint against Defendant United States Secretary of the Treasury ("Secretary"). Dkt. 1. Chapel alleges that he "has been significantly damaged by the agenda of the Congress of the United States, prior to the housing market collapse of 2008," and that he "continues to be further damaged by the failure/refusal of the Department of the Treasury, to allow or permit the relief that Congress has provided through the passage of the Troubled Assets Relief Program." *Id*., ¶ 1.

ORDER - 1

Chapel alleges that he purchased property in 2008, shortly before the real estate market collapsed, and that a recent appraisal of his property revealed that it was worth less than his mortgage. *Id*. ¶¶ 7.1, 7.3. Chapel requests an order requiring the Secretary to modify his mortgage with Bank of America by reducing the principal to $129,000 and the interest rate to two percent. *Id*., ¶¶ 15.1, 15.3.

Chapel asserts four causes of action: (1) Section 109(c) of the Emergency Economic Stabilization Act of 2008 ("EESA") requires the Secretary to consent to a modification of the mortgage; (2) the failure to modify his loan violates Title VII of the Civil Rights Act; (3) the devaluation of his property constitutes a taking under the Fifth Amendment of the United States Constitution; and (4) the devaluation of his property constitutes a tax. *Id*., ¶¶ 8.1-13.3.

On October 31, 2011, the Secretary filed a motion to dismiss. Dkt. 13. On January 3, 2012, the Court granted the motion. Dkt. 18. On February 1, 2012, Chapel filed a motion for reconsideration. Dkt. 20.

## II. DISCUSSION

As a threshold matter, motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." Local Rule CR 7(h)(2). Chapel filed his motion well over fourteen days after the Court issued its order. Therefore, Chapel's procedural error is sufficient grounds to deny his motion.

With regard to the merits, motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

ORDER - 2

In this case, Chapel argues that the Court's decision is wrong as a matter of law because "Congress alone is ultimately responsible for the entire housing bubble and its busting." Dkt. 20 at 3. Chapel's arguments fail to meet his burden. Therefore, the Court denies his motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that Chapel's motion for reconsideration (Dkt. 20) is **DENIED**.

DATED this 10th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge